**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Diana Lee Heron,** | ) | **CASE NO. 1:05 CV 899** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Marriott International, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Motion to Remand and for Costs (Doc. 7). This case arises out of plaintiff's employment with defendant. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

### FACTS

Plaintiff, Diana Lee Heron, filed a complaint in state court against defendants, Marriott International, Inc., Courtyard Management Corporation and Michael H. Marcus, asserting two counts. Count one asserts a claim for gender discrimination in violation of O.R.C. § 4112.02(A). Count two is a claim for wrongful termination in violation of public policy. According to the

1

complaint, Marcus was plaintiff's immediate supervisor and terminated her on or about September 30, 2003.

Plaintiff and defendant Marcus are citizens of Ohio. Marriott and Courtyard are citizens of states other than Ohio. Defendants timely removed this action on the grounds that Marcus was fraudulently joined in this case in order to defeat diversity jurisdiction. Plaintiff filed a motion to remand, which defendants oppose.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451,453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was properly removed to federal court in the first place. *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871-72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. *Id.*

### DISCUSSION

Defendant argues that plaintiff fraudulently joined Marcus in order to defeat diversity jurisdiction. According to defendant, Ohio law imposes liability on a supervisor under Section 4112.02(A) only if the supervisor participated in the decision-making process. Defendant offers four affidavits in support of its position. Three of the four individuals aver that they made the

2

decision to terminate plaintiff without the involvement of Marcus.  Marcus also avers that he took no part in the decision-making process.  All four indicate that Marcus merely relayed to plaintiff the decision to end her employment.  Based on this evidence, defendants argue that plaintiff cannot establish a cause of action against Marcus.  As such, his citizenship should not be considered for jurisdictional purposes.[1]

Plaintiff argues that remand is required because there is a possibility that she could succeed on her claims against Marcus.  Plaintiff provides her own affidavit in which she states that Marcus informed her that "Human Resources was supporting his recommendation to terminate [her] employment."  According to plaintiff, whether and to what degree of involvement Marcus had in the decision-making process requires discovery.  Plaintiff argues that at this stage in the litigation her statement is sufficient to demonstrate that there is a possibility that she might succeed on her claim against Marcus.  As such, defendants cannot demonstrate that Marcus was fraudulently joined and his citizenship must be considered in determining jurisdiction.

In order for this Court to have subject matter jurisdiction based on diversity, complete diversity must exist at the time of removal.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  However, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Id*. at 493.  The party seeking removal bears the burden of establishing diversity jurisdiction.  In order to establish fraudulent joinder, the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action

---

[1] Defendant further points out that plaintiff initially filed this lawsuit against Marriott only.  After defendant removed the case on the basis of diversity jurisdiction, plaintiff dismissed the action and refiled the lawsuit adding Marcus as a defendant.

3

against non-diverse defendants under state law." *Id*. Any doubt as to whether removal is proper must be resolved in favor of remand. *Id*.

Upon review of the arguments presented by the parties, the Court finds that remand is required. Although defendants provide various affidavits indicating that Marcus had no input into the termination decision, plaintiff's affidavit indicates otherwise. According to plaintiff, Marcus indicated that he "recommended" that she be terminated. While this statement is admittedly vague, the Court cannot say to a requisite degree of certainty that plaintiff will be unable to state a claim against Marcus.[2] Given that all doubt must be resolved in favor of remand, the Court finds that defendants have failed to establish that plaintiff fraudulently joined defendant Marcus. Because complete diversity does not exist in this case, the Court lacks jurisdiction over this matter.

In addition to seeking remand, plaintiff asks this Court to award costs based on defendants' improvident removal of this action. Based on a review of defendants' brief in opposition and the affidavits attached thereto, the Court finds that defendants had a legitimate

---

[2] Defendants rely on *Freeman v. Unisys Corp.*, 870 F.Supp. 169 (E.D. Mich. 1994) and *Fletcher v. Advo Sys., Inc.*, 616 F.Supp. 1511 (E.D. Mich. 1985) in support of their position that plaintiff cannot state a claim against Marcus. In both of these cases, however, the plaintiff failed to contradict the affidavits presented by defendants. *See Freeman*, 870 F.Supp. at 173 ("Had plaintiff been able to refute defendants' affidavits and provide some evidence to indicate that they made the decision to terminate, then plaintiff would have a viable claim against them."); *Fletcher*, 616 F.Supp. at 1515 ("The uncontroverted affidavits of the two individual defendants reveal that Murray...did not participate in the decision to discharge plaintiff...."). Plaintiff in this case has provided an affidavit containing some evidence that Marcus participated in the decision to terminate her employment.

4

basis on which to seek removal.  As such, an award of costs and fees is not appropriate.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Remand and for Costs is GRANTED in PART and DENIED in PART.  This case is REMANDED to the Cuyahoga County Court of Common Pleas.  Plaintiff's request for costs and fees, however, is DENIED.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/20/05